Leonard W. Williamson, OSB #910020
LEONARD WARREN WILLIAMSON P.C.
1900 Hines Street SE, Suite 211
Salem, Oregon 97302
(503) 365-8800
l.williamson@williamsonlawpc.com

Attorney for Petitioners

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| MICHAEL LLOYD REEL; and MICHAEL LLOYD REEL dba SOUTH VALLEY FIREARMS LLC, an Oregon limited liability company,<br><br>　　　　　　　　Petitioners,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAM BONDI, as United States Attorney General, in her Official Capacity; BUREAU OF ALCOHOL, TOBACCO FIREARMS & EXPLOSIVES (ATF); KASH PATEL, as Acting Director, Bureau of Alcohol, Tobacco, Firearms, & Explosives, in his Official Capacity; WAYNE BETTENCOURT, as Director, Industry Operations, Bureau of Alcohol, Tobacco, Firearms, & Explosives, Seattle Field Division, in his Official Capacity; JUSTIN LOMAX, Area Supervisor, Bureau of Alcohol, Tobacco, Firearms, & Explosives, in his Official Capacity; and KATHY MAIER, Industry Operations Investigator, Bureau of Alcohol, Tobacco, Firearms, & Explosives, in her Official Capacity,<br><br>　　　　　　　　Respondents. | Case No.:  6:25-cv-00342<br><br>**PETITION FOR *DE NOVO* JUDICIAL REVIEW**<br><br>**18 U.S.C. § 923(f)(3)** |

## PETITION FOR JUDICIAL REVIEW

1.      This is a petition of *de novo* judicial review of a denial of Petitioners' application for a license, type 01 dealer in firearms.  This action is brought pursuant to 18 U.S.C. § 923(f)(3).

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States.

3.      Venue is proper in the District of Oregon, Eugene Division, since Lane County, Oregon, is the principal place of business of Michael Lloyd Reel, dba South Valley Firearms LLC ("Petitioner").

4.      The request for Judicial review was timely filed within the sixty (60) days provided for in 18 U.S.C. § 923(f)(3).

## PARTIES

5.      Michael Lloyd Reel is a resident of the State of Oregon and the owner of South Valley Firearms LLC.  Mr. Reel, doing business as South Valley Firearms, LLC, made application on ATF Form 7, Type 01, Dealer in Firearms Other than Destructive Devices, as the responsible party for the business.

6.      Pam Bondi is the current acting United States Attorney General with oversight of the United States Department of Justice.

7.      Kash Patel is the acting Director for the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF).

8.      Wayne Bettencourt is currently the Director, Industry Operations (DIO) for ATF assigned to the Seattle Field Division.

9.      Justin Lomax is the area Supervisor for ATF.

10.      Kathy Maier is an ATF Industry Operations Investigator (IOI).

**FACTS**

11.     ATF first issued a type 01 Federal firearms license to South Valley Firearms LLC (hereafter "Applicant") in 2019.  Applicant, an Oregon limited liability company, is owned by Michael L. Reel (hereafter "Reel").  Reel is the sole owner of South Valley Firearms LLC.

12.     On or about July 2, 2024, ATF issued a Notice of Denial of Application of License, ATF Form 4498 (5300.43) to Applicant.

13.     On July 12, 2024, Applicant timely submitted a request for a hearing to review that notice pursuant to 18 U.S.C. § 923(f)(2).

14.     A hearing was conducted pursuant to 18 U.S.C. § 923(f)(2) and/or 18 U.S.C. § 922(t)(5).

15.     A hearing was held on October 24, 2024.  Wayne Bettencourt (hereafter "Bettencourt"), ATF Director, Industry Operations, conducted the hearing from the ATF Portland Field Office.  In attendance at the hearing were ATF IOI Kathy Maier, ATF Area Supervisor Justin Lomax, and Reel.  Court reporter, Neal Gross attended by video conference and transcribed the hearing.

16.     January 3, 2025, Bettencourt sent a Final Notice of Denial or Revocation of Firearms License (hereafter "Final Notice"), which is incorporated herein by reference.  *See* Exhibit 2 attached to the Declaration of Michael L. Reel.  The application of license was denied by Bettencourt pursuant to 18 U.S.C. § 923(d).

17.     The Final Notice contained twenty-six paragraphs setting out findings and two paragraphs setting out conclusions.

18.     Reel received the Final Notice by certified mail on January 6, 2025.

19.     In the Final Notice, Bettencourt found that Petitioner Reel failed to meet the requirements of a responsible person as follows:

> a.  Reel had been convicted of a qualifying misdemeanor crime of domestic violence, as defined by 18 U.S.C. § 921(a)(33), and that Reel was therefore subject to Federal firearms disabilities under 18 U.S.C. § 922(g)(9);

b. Reel's set aside of his conviction for the crime of domestic violence under Oregon law, ORS 137.255, did not qualify as a true set aside withing the meaning of the Gun Control Act (GCA);

c. Reel's set aside under ORS 137.225 did not erase the fact of his conviction or render it a legal nullity;

d. A state court in Oregon sealed Reel's conviction and arrest records. Those records are maintained under seal by the Oregon State Police (OSP);

e. Significantly, Reel's records sealed pursuant to ORS 137.225 may be unsealed by a court under specific circumstances set forth in the statute, all for purpose of imposing legal consequences on Reel;

f. ATF is not obligated to ignore Reel's conviction and his resulting Federal firearm disability when, in other contexts, that conviction can be unsealed and disclosed in an Oregon judicial proceeding;

g. Reel's restoration of his state firearms rights under ORS 166.274 did not remove his Federal firearms prohibition; and

h. Reel did not lose his core civil rights as a result of his 2005 misdemeanor harassment conviction, his restoration of state firearms rights under ORS 166.274 did not remove his Federal firearms prohibition.

20.    Bettencourt thereafter concluded that Reel is prohibited under the GCA from shipping or transporting in interstate or foreign commerce, or possessing in or affecting commerce, any firearm or ammunition, or receiving any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

21.    Bettencourt found Reel to be ineligible to hold a Federal firearms license in his own name or serve as a responsible person with a federally licensed firearms business.

22.    Bettencourt made additional findings that Reel, as the owner of South Valley Firearms LLC, is not qualified to receive a Federal firearms license.

23.    Reel wishes to continue to operate his firearms business, South Valley Firearms LLC, and to own, possess, purchase and sell firearms and ammunition.  *See* Declaration of Michael L. Reel.

### COUNT 1
### (ORS 137.255)

24.    Paragraphs 1 – 23 are incorporated herein by reference.

25.    ATF has deprived Petitioner of his Due Process Rights under the Fourteenth Amendment by accessing and using the sealed records of Reel without court order unlawfully circumventing the limitations set out in ORS 137.255 under which Reel's sealed records may be unsealed and accessed.  The records may only be unsealed and used adversely against Reel in the narrow exceptions set out in ORS 137.255(7)(c), ORS 137.255(10) or ORS 137.277(11).  *See Mohiadeen v. Washington County Sheriff's Office*, 338 Or. App. 29, 37 (February 20, 2025).

26.    Reel obtained a valid set aside of his harassment conviction pursuant to ORS 137.255.  The court granting Reel's motion to set aside entered an order, consistent with ORS 137.225(3)(a), sealing the record of conviction and other official records in the case, including the records of arrest, citation or charge.  The order also includes a requirement under ORS 137.225(3)(b) to seal all official records in the case, including the records of arrest, citation or charge, whether or not the arrest, citation or charge resulted in further criminal proceedings.

27.    When a valid order issues under ORS 137.225 setting aside a conviction, the person obtaining the order shall be deemed not to have been previously convicted of a crime.  Once a conviction is set aside, it largely ceases to exist for practical purposes.  *See State v. Langan*, 301 Or. 1, 4 n.3, 718 P.2d 719 (1986), and *Mohiadeen,* 338 Or. App. at 37.  The Oregon legislature limited the purposes for which those past events may be exhumed.  *Mohiadeen*, 338 Or. App. at 37.  None of those limited purposes are present in this matter.

28.    The Oregon Judicial Department includes the following statement on its official web page instructing the public concerning set asides under ORS 137.225: "Oregon Revised

Statute ORS 137.225 allows some types of records to be <u>erased</u> from a person's Computerized Criminal History (CCH)."[1]

29.     Under only three circumstances may a record sealed under ORS 137.255 be unsealed and used adversely.  First, a set aside conviction may be considered in the courts determining other set-aside motions.  *See* ORS 137.255(7)(c).  For this purpose, the Oregon State Police (hereafter "OSP") maintain a database of prior records set aside pursuant to ORS 137.225.  The second circumstance that a sealed record may be used is in a civil action in which truth is an element of a claim for relief or affirmative defense.  A party may apply to the court to obtain an order requiring disclosure of the official records in the case.  *See* ORS 137.225(10) and *Bahr v. Stateman Journal*, 51 Or. App. 177, 624 P.2d 664, *rev den*, 291 Or. 118 (1981).  And the third circumstance, by motion of a prosecutor or defendant in a case involving records sealed by ORS 137.225, with supporting affidavit and good cause shown, reopen and disclose any sealed records for the limited purpose of assisting in the investigation of the movant.  *See* ORS 137.225(11).  An order under ORS 137.225(11) has no effect on the setting aside of the convictions. *Mohiadeen*, 388 Or. App. at 37.

30.     Bettencourt states in his findings at paragraph 23 "Those records are maintained under seal by OSP.  Significantly, *the records may be unsealed by a court under specific circumstances set forth in the statute*, all for the purpose if imposing legal consequences."[2]  ATF obtained no order from any court, State or Federal, to unseal Reel's records.  Even if ATF had sought such an order from the Court, the request would have been denied as none of the exceptions apply.  *See* ORS 137.255(7)(c), ORS 137.255(10) or ORS 137.255(11).

---

[1] *See* Oregon Judicial Branch, *Expungement: Setting Aside an Arrest Record*, https://www.courts.oregon.gov/courts/yamhill/programs-services/pages/expungement.aspx (last visited on February 15, 2025).

[2] Both cases cited by Bettencourt, *State v. Langan* 718 P.2d 710, 722, n,3 (Or. 1986) and *State v. Hartford*, 161 P.3d 331, 334 (Or. Ct. App. 2007), fall within the two allowed exceptions for unsealing of a set aside record by order of a court.  *See* ORS 137.225(10) or (11).

31.    ATF relied upon unlawfully obtained records of Reel's misdemeanor harassment conviction, sealed by court order, to find he could not act as a responsible person and denied his application on behalf of South Valley Firearms LLC for a Federal firearm license.  The process Reel was due under Oregon law, set out in ORS 137.225(10) and ORS 137.225(11), was not followed in violation of his rights.

32.    Equally significant is that ATF's interpretation of Oregon's set aside laws is flawed.  In ATF's other communications with Reel, the agency cited *Jennings v. Mujasey*, 511 F.3d 894, 899 (9th Cir. 2007) for the proposition that Oregon's set aside under ORS 137.225 is akin to the California process in Cal. Penal Code section 1203.4 and therefore Oregon's process is not a true expungement.  In comparing the two processes, the *Mohiadeen* court found them to be very different.  *See Mohiadeen*, 338 Or. App. at 40 - 41.  The *Mohiadeen* court stated ". . . a person who obtains relief under ORS 137.225 occupies a position that is very nearly the same as someone who was never convicted, a person who obtains relief under Cal. Penal Code § 1203.4 is still treated as a person with a conviction for many significant purposes."  *Id.*  The Court concludes ". . . that Cal Penal Code § 1203.4 is not 'equivalent' to Oregon's expungement law . . ."  *Id.*  ATF's reliance on the analysis in *Jennings* to conclude Oregon's set aside process is similar to the process set out in Cal. Penal Code § 1203.4 is in error.

33.    Respondents could have simply accepted Reel's set aside as substantially similar to the requirements of 18 U.S.C. § 921(a)(33)(B)(ii).  Instead, ATF relies on a flawed application of the holding in *Jennings* to determine that Oregon's set aside laws do not satisfy 18 U.S.C. § 921(a)(33)(B)(ii).  The *Mohiadeen* court affirms that "the essential features of Oregon law are that the record of conviction and related official records in the case are sealed and unavailable to the public, the conviction is no longer considered part of the person's criminal history, *it no longer affects the person's legal rights or disabilities*, and the person is privileged to represent that they have never been convicted of the offense."  *See Mohiadeen*, 338 Or. App. at 38 (*emphasis added*).  The Oregon Legislature intended for the setting aside of his conviction under

ORS 137.225 to restore Reel's rights to own, possess and purchase firearms as his conviction no longer affects his legal rights.

34.    If the Oregon Legislature had intended to completely bar persons convicted under ORS 166.065 (Harassment) from seeking relief under ORS 137.225 such that the firearms limitations of ORS 166.255, Oregon's equivalent of 18 U.S.C. § 922(g)(9), barred them from ever possessing ammunition or firearms, it would have exempted or barred such a person with a harassment conviction from setting aside under ORS 137.225.  The legislature did not do so. Likewise, the legislature barred a person convicted of harassment from restoring their firearms rights by petition under ORS 166.274.  The legislature did not do this either.

**COUNT 2**
**(HB 3470 Enacted in 1989; ORS 166.274)**

35.    Paragraphs 1 – 23 are incorporated herein by reference.

36.    HB 3470 was adopted by the legislature in 1989 to provide a remedy to those persons previously barred from owning, possessing and purchasing firearms.  *See Koennecke v. Lampert*, 198 Or. App. 444, 451-52 (2005) (discussing the legislative history HB 3470 as it relates to ORS 166.270) and *Mohiadeen,* 338 Or. App. at 48-51 (discussing the differing policy choices considered in the drafting of HB 3470).  Once signed into law, HB 3470, ORS 166.274, even allowed for a person previously convicted of a felony, to have their firearms rights restored. *Id.* at 50.

37.    On May 28, 2024, Reel filed a petition in Benton County Circuit Court for relief from the prohibition against owning, possessing or purchasing firearms as provided for under ORS 166.274.  Reel's petition for relief was granted, and he obtained a judgment from Benton County Circuit Court Judge Mathew J. Donohue.  *See* a copy of the judgment in *Reel v. Benton County Sheriff*, Benton County Circuit Court Case #24CV20800, marked as Exhibit 1 attached to the Declaration of Michael L. Reel.  Judge Donohue specifically made findings by "clear and convincing evidence" that Reel did not pose a threat to the safety of the public or to himself.

38.    Judge Donohue further ordered that OSP enter and maintain a copy of the court's order and Reel's fingerprints be entered in the Department's computerized criminal history files. This order was consistent with ORS 166.274(5)(b).

39.    ATF could have simply accepted that Reel had his firearms rights restored and recognized the judgment issued by Judge Donahue restored Reel's rights to own, possess and purchase firearms.  ATF gave no weight to the judgment at all.

40.    Where the restoration of a right is by certificate, as it is in this case, the court looks to the certificate. *United States v. Herron*, 45 F.3d 340, 342-43 (9th Cir. 1995)(describing the "anti-mousetrapping rule": where a state sends a felon a certificate stating that his civil rights have been restored, a reservation regarding firearms "in a corner of the state's penal code" may not serve as the basis for a federal prosecution; instead, the state must tell the person "point blank" that weapons are not permitted); *see also U.S. v. Miller*, 105 F.3d 552, 554 (9th Cir. 1997) (states utilize two methods of restoring a felon's civil rights, by certificate or by operation of law; where the restoration is by operation of law, the court looks to the whole of state law at the time of restoration and where the restoration is by certificate, the state cannot give a felon a general restoration certificate and then "mousetrap" him).

41.    Under *Herron* a federal court would consider the certificate restoring Mr. Reel's rights to own, possess, and purchase firearms of great importance.  Given the "anti-mousetrapping rule" where Mr. Reel has received a certificate, issued by a state court, that found by clear and convincing evidence, that he does not pose a threat of safety to himself or the public, and that specifically the court restored his civil rights to own, purchase and possess firearms, it would be highly unlikely that a court would nonetheless find that he did not satisfy the restoration requirement of 18 U.S.C. § 921(a)(33)(B)(ii).  This should settle the issue with ATF and thus qualify him as meeting the requirements of a responsible person under 18 U.S.C. § 923(d)(1)(B) and 27 C.F.R. § 478.47(b)(2).

42.    Reel's rights to own, possess and purchase firearms were substantially restored by the State of Oregon.  He has no criminal record under Oregon law and has a judgment from State

Court finding he is not a threat to himself or others and that his rights to own, possess and purchase firearms have been restored. Under the anti-mousetrapping rule of *Herron,* it is highly unlikely that a prosecution of Reel for owning, possessing and purchasing a firearm in violation of ORS 166.255 or 18 U.S.C. § 922(g)(9), with both the State using his set aside and his ORS 166.274 restoration, would withstand scrutiny. There are no reservation(s) in Judge Donohue's order of restoration. ATF could recognize the restoration of Judge Donohue under *Herron* but simply chooses not to.

43.     The Oregon Legislature intended the restoration remedy in ORS 166.274 to apply in circumstances where there was not a remedy or set aside available under ORS 137.225.

## COUNT 3
### (Second Amendment to the United State Constitution)

44.     ATF has violated Reel's right under the Second Amendment of the United States Constitution. Reel has no criminal convictions or court orders prohibiting him from owning, posing or purchasing firearms. If you conducted a criminal background check on Reel through NCIC, it would be returned with no prohibitors and no criminal convictions. Reel has a fundamental right guaranteed by the Second Amendment to keep and bear arms, and he should be allowed to do so. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008).

45.     ATF stripped Reel of his Second Amendment rights and disregarded court orders. Reel's records are sealed under ORS 137.225, and the setting aside of his conviction restores his legal rights as if it never happened or was erased. ATF is simply ignoring a judgment granting him rights to own, possess and purchase firearms under ORS 166.274. To justify its regulation, the government . . . must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). ATF cannot justify its regulation in this context. Our nation's history does not include the government ignoring judicial orders or judgments.

46.     Reel does not challenge as unconstitutional 18 U.S.C. § 922(g)(9) to persons convicted of domestic violence.  The Supreme Court has determined that 18 U.S.C. § 922(g)(9) fits within the nation's history and tradition of firearms regulation.  *United States v. Rahimi*, 602 U.S. 680, 689-699 (2024).  The court held that "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at 700.  It is therefore equally true that the reverse applies.  Judge Donohue specifically made findings by "clear and convincing evidence" that Reel did not pose a threat to the safety of the public or to himself.  If a court can impose and order a judgment that a person is a danger to themselves or others, it can certainly lift it, find that they are not a danger to the public or themselves, and restore their rights to own, possess and purchase firearms as done by Judge Donahue.

WHEREFORE, Petitioners pray that this court, after a de novo review of the record herein, as well as additional information provided: 1) decide that Reel does in fact meet the criteria of a responsible person, and 2) order ATF to reinstate the Petitioners' type 01 license as a federal firearms dealer.

Dated: February 27, 2025               Respectfully submitted,

/s/ Leonard W. Williamson
Leonard W. Williamson
Oregon State Bar No. 910020
Van Ness Williamson LLP
1900 Hines Street SE, Suite 211
Salem, Oregon 97302
(503) 365-8800
l.williamson@williamsonlawpc.com
ATTORNEY FOR PETITIONERS