**WILLIAM M. NARUS, CAB #243633**
Acting United States Attorney
District of Oregon
**PATRICK J. CONTI, CAB #271046**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: 503.727.1000
*Attorneys for Respondents*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL LLOYD REEL, et al.,** | Case No.: 6:25-cv-00342-AA |
| Petitioners, | **RESPONDENTS' ANSWER TO PETITION FOR *DE NOVO* JUDICIAL REVIEW** |
| v. | |
| **UNITED STATES DEPARTMENT OF JUSTICE, et al.,** | |
| Respondents. | |

Respondents The United States Department of Justice, Pamela Bondi, in her official capacity as Attorney General, Daniel Driscoll, in his official capacity as acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Ivan Felix, in his official capacity as ATF Director, Industry Operations

Page 1    Respondents' Answer to Petition for De Novo Judicial Review

("DIO"), Seattle Field Division,[1] Justin Lomax, in his official capacity as ATF Area Supervisor, and Kathy Maier, in her official capacity as ATF Industry Operations Investigator (collectively, "Respondents"), through undersigned counsel, respond to the allegations in the Petition for *De Novo* Judicial Review (ECF 1), filed by Michael Lloyd Reel and South Valley Firearms, LLC (collectively, "Petitioners"), as set forth below.[2]

## PETITION FOR JUDICIAL REVIEW

1. The allegations in Paragraph 1 of the petition set forth Petitioners' characterization of the case, claim for relief, and legal conclusions, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

## JURISDICATION AND VENUE

2. The allegations in Paragraph 2 of the petition set forth Petitioners' asserted basis of subject matter jurisdiction, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

---

[1] Daniel Driscoll, the current acting Director of ATF, should be substituted as a party for Kash Patel, and Ivan Felix, the current ATF DIO for the Seattle Field Division, should be substituted as a party for Wayne Bettencourt. *See* Fed. R. Civ. P. 25(d).

[2] For purposes of clarity only, Respondents follow Petitioners' numbering system and headings.

**Page 2     Respondents' Answer to Petition for De Novo Judicial Review**

3. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the petition regarding the location of Petitioners' principal place of business and therefore deny them. The remaining allegations in Paragraph 3 set forth Petitioners' assertion of venue, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

4. The allegations in Paragraph 4 of the petition are admitted.

## PARTIES

5. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 5. The allegations in the second sentence are admitted.

6. In response to the allegations in Paragraph 6 of the petition, Respondents admit that Pamela Bondi is the Attorney General of the United States and aver that the responsibilities of the Attorney General as head of the United States Department of Justice are set forth and delineated in the provisions of 28 U.S.C. Chapter 31.

7. In response to the allegations in Paragraph 7 of the petition, Respondents admit that Kash Patel was the acting Director of ATF at the time Petitioners filed this action and aver that ATF's current acting Director is Daniel Driscoll.

8. In response to the allegations in Paragraph 8 of the petition, Respondents admit that Wayne Bettencourt was the ATF DIO for the Seattle

Field Division at the time Petitioners filed this action and aver that the ATF DIO for the Seattle Field Division is Ivan Felix.

9. The allegations in Paragraph 9 of the petition are admitted.

10. The allegations in Paragraph 10 of the petition are admitted.

## FACTS

11. The allegations in the first sentence of Paragraph 11 of the petition are admitted. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in second and third sentences of Paragraph 11.

12. The allegations in Paragraph 12 of the petition are admitted.

13. The allegations in Paragraph 13 of the petition are admitted.

14. In response to the allegations in Paragraph 14 of the petition, Respondents admit and aver that a hearing was conducted pursuant to 18 U.S.C. § 923(f)(2). Respondents deny the remaining allegations in this paragraph.

15. The allegations in Paragraph 15 of the petition are admitted.

16. The allegations in the first sentence of Paragraph 16 of the petition are admitted. In response to the second sentence, Respondents respectfully refer the Court to the Final Notice of Denial of Application, Revocation, Suspension, and/or Fine of Firearms License, ATF Form 5300.13, issued by ATF to South Valley Firearms, LLC on Jan. 3, 2025 ("Final Notice"), which is attached to the petition declaration of Michael Reel, ECF 2, and denominated by Petitioners as

"Exhibit 2", for a full and accurate statement of its contents, and deny any allegations inconsistent therewith.

17. In response to the allegations in Paragraph 17 of the petition, Respondents respectfully refer the Court to the Final Notice for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

18. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the petition.

19. In response to the allegations in Paragraph 19(a)-(h) of the petition, Respondents respectfully refer the Court to the Final Notice for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

20. In response to the allegations in Paragraph 20 of the petition, Respondents respectfully refer the Court to the Final Notice for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

21. In response to the allegations in Paragraph 21 of the petition, Respondents respectfully refer the Court to the Final Notice for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

22. In response to the allegations in Paragraph 22 of the petition, Respondents respectfully refer the Court to the Final Notice for a full and

accurate statement of its contents and deny any allegations inconsistent therewith.

23. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the petition.

**COUNT 1**
**(ORS 137.225)**

24. Respondents repeat and re-allege their answers to paragraphs 1–23 of the petition as if fully set forth herein.

25. The allegations in the first sentence of Paragraph 25 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence. The allegations in the second sentence purport to characterize Oregon's "set-aside" statute, Or. Rev. Stat. § 137.225, and the opinion of the Oregon Court of Appeals in *Mohiadeen v. Washington County Sheriff's Office*, 338 Or. App. 29 (2025). Respondents respectfully refer the Court to the texts of the statute and opinion, which speak for themselves and are the best and most complete representation of their contents, and deny any allegations inconsistent with the plain language, meaning, and context of the statute or opinion.

26. The allegations in the first sentence of Paragraph 26 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence. The allegations in the second and third sentences purport to

characterize the May 28, 2024 Order of the Benton County (Oregon) Circuit Court, captioned as "General Judgment Granting Relief from Prohibition Against Possessing or Purchasing Firearms, ORS 166.274" ("May 28, 2024 Order" or "Order"), issued in the matter of the *Restoration of Firearms Rights of Michael Reel Lloyd Reel v. Benton County Sheriff*, Case No. 24-cv-20800, which is attached to the petition declaration of Michael Reel, ECF 2, and denominated by Petitioners as "Exhibit 1". Respondents respectfully refer the Court to the text of the May 28, 2024 Order for a full and accurate statement of its contents, and deny any allegations inconsistent with the plain language, meaning, and context of the Order.

27.    The allegations in Paragraph 27 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

28.    In response to the allegations in Paragraph 28 of the petition, Respondents respectfully refer the Court to the Oregon Judicial Department public webpage, *Oregon Judicial Branch, Expungement: Setting Aside an Arrest Record*, https://www.courts.oregon.gov/courts/ yamhill/programs-services/pages/expungement.aspx, cited in the petition, which speaks for itself and is the best and most complete representation of its contents, and deny any allegations inconsistent therewith.

29.    The allegations in the first and second sentences of Paragraph 29 of the petition purport to characterize subsection (7)(c) of Or. Rev. Stat. § 137.225.

**Page 7**     **Respondents' Answer to Petition for De Novo Judicial Review**

Respondents respectfully refer the Court to the text of the statute, which speaks for itself and is the best and most complete representation of its contents, and deny any allegations inconsistent with the plain language, meaning, and context of the statute. Respondents lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence. The allegations in the fourth, fifth, and sixth sentences purport to characterize subsections (10) and (11) of Or. Rev. Stat. § 137.225, and opinions of the Oregon Court of Appeals in *Bahr v. Statesman Journal*, 624 P. 2d 664 (Or. Ct. App. 1981) and *Mohiadeen*, 388 Or. App. 29. Respondents respectfully refer the Court to the texts of the statute and opinions, which speak for themselves and are the best and most complete representation of their contents, and deny any allegations inconsistent with the plain language, meaning, and context of the statute or opinions.

  30. The allegations in the first and second sentence of Paragraph 30 purport to quote the Jan. 3, 2025 Final Notice issued to South Valley Firearms. *See* supra, Paragraph 16. Respondents respectfully refer the Court to the text of the Final Notice, which is the best and most complete representation of its contents, and deny any allegations inconsistent therewith. Footnote 2 to the second sentence purports to characterize opinions of the Oregon Supreme Court and Oregon Court of Appeals in *State v. Langan*, 718 P. 2d 710 (Or. 1986) and *State v. Hartford*, 161 P. 3d 331 (Or. Ct. App. 2007). Respondents respectfully refer the Court to the texts of the opinions, which speak for themselves and are

Page 8  Respondents' Answer to Petition for De Novo Judicial Review

the best and most complete representation of their contents, and deny any allegations inconsistent with the plain language, meaning, and context of the opinions. The allegations in third sentence are admitted. The allegations in the fourth sentence set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence.

31. The allegations in Paragraph 31 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

32. The allegations in the first sentence of Paragraph 32 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence. The allegations in the second sentence purport to characterize unspecified communications between ATF and Michael Reel concerning the opinion of the Ninth Circuit Court of Appeals in *Jennings v. Mukasey*, 511 F. 3d 894 (9th Cir 2007), and its application to Or. Rev. Stat. § 137.225. Respondents aver that any such communications speak for themselves and are the best and most complete representation of their contents. To the extent a response to this sentence is required, Respondents deny any allegations inconsistent with the plain language, meaning, and context of those communications. The allegations in the third, fourth, and fifth sentences purport to quote and characterize the Oregon Court of Appeals opinion in *Mohiadeen*. Respondents respectfully refer

Page 9    Respondents' Answer to Petition for De Novo Judicial Review

the Court to the text of that opinion, which speaks for itself and is the best and most complete representation of its contents, and deny any allegations inconsistent with the plain language, meaning, and context of the opinion. The allegations in the sixth sentence set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence.

33. The allegations in the first and second sentences of Paragraph 33 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in these sentences. The allegations in the third sentence purport to quote and characterize the Oregon Court of Appeals opinion in *Mohiadeen*. Respondents respectfully refer the Court to the text of that opinion, which speaks for itself and is the best and most complete representation of its contents, and deny any allegations inconsistent with the plain language, meaning, and context of the opinion. The fourth sentence sets forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence.

34. The allegations in Paragraph 34 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

///

///

**Page 10    Respondents' Answer to Petition for De Novo Judicial Review**

## COUNT 2
### (HB 3470 Enacted in 1989; ORS 166.274)

35.     Respondents repeat and re-allege their answers to paragraphs 1–34 of the petition as if fully set forth herein.

36.     The allegations in Paragraph 36 of the petition purport to characterize H.B. 3470, 65 Leg. Reg. Sess. (Or. 1989), codified as Or. Rev. Stat. § 166.274, as well as opinions of the Oregon Court of Appeals in *Koennecke v. Lampert*, 198 Or. App. 444 (2005) and *Mohiadeen*.  Respondents respectfully refer the Court to the texts of the bill, the statute, and the opinions, which speak for themselves and are the best and most complete representation of their contents, and deny any allegations inconsistent with the plain language, meaning, and context of the bill, statute, or opinions.

37.     The allegations in the first sentence of Paragraph 37 of the petition are admitted.  The allegations in the second and third sentences purport to quote and characterize the May 28, 2024 Order.  *See* supra, Paragraph 26.  Respondents respectfully refer the Court to the text of the Order for a full and accurate statement of its contents, and deny any allegations inconsistent with the plain language, meaning, and context of the Order.

38.     The allegations in the first sentence of Paragraph 38 of the petition purport to characterize the May 28, 2024 Order.  Respondents respectfully refer the Court to the text of the Order for a full and accurate statement of its contents, and deny any allegations inconsistent with the plain language,

meaning, and context of the Order. The allegations in the second sentence set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this sentence.

39. The allegations in Paragraph 39 of the petition set forth legal conclusions and argument, to which no response is required; and, to the extent a response is required, Respondents deny the allegations in this paragraph.

40. The allegations in Paragraph 40 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

41. The allegations in Paragraph 41 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

42. The allegations in Paragraph 42 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

43. The allegations in Paragraph 43 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

///

///

///

///

**Page 12     Respondents' Answer to Petition for De Novo Judicial Review**

## COUNT 3
### (Second Amendment to the United States Constitution)

44. The allegations in Paragraph 44 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

45. The allegations in Paragraph 45 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

46. The allegations in Paragraph 46 of the petition set forth legal conclusions and argument, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

The remainder of the petition sets forth Petitioners' prayer for relief, to which no response is required. To the extent a response is required, Respondents deny the remaining allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. All actions taken by Respondents, and in particular the ATF personnel, with respect to the denial of Petitioners' application for a Federal firearms license were proper and in accordance with applicable law.

2. Respondents deny each and every allegation contained in the petition, except as may have been expressly admitted herein. To the extent the petition refers to, or quotes from, external documents, statutes, opinions, court orders, or other sources, Respondents may also refer to such materials for their

accurate and complete contents in this response. However, Respondents' references are not intended to be, and should not be construed as, an admission by Respondents that the cited materials: (a) are correctly characterized, cited, or quoted by Petitioners; (b) are relevant to this action; or (c) are admissible in this action.

WHEREFORE, Respondents respectfully request that the petition be dismissed, and that judgment be entered in favor of Respondents, together with costs and such other relief as the Court deems just and proper.

Dated: May 6, 2025            Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney
District of Oregon

*/s/ Patrick J. Conti*
PATRICK J. CONTI
Assistant United States Attorney
Attorneys for Respondents